# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVON D. GREEN,<br><br>         Plaintiff,<br><br>    v.<br><br>PHILLIPS, *et al.*,<br><br>         Defendants. | Case No.  1:23-cv-01277-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Jarvon D. Green ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On October 25, 2023, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 11.) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice. (*Id.* at 9.) The deadline has expired, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

1

**II.     Failure to State a Claim**

      **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

      **B.     Plaintiff's Allegations**

Plaintiff is currently housed at California Substance Abuse Treatment Facility ("SATF"). It appears the events in the complaint either occurred at SATF or Corcoran State Prison. Plaintiff names as defendants: (1) B. Phillips, reviewing authority officer (at Corcoran State Prison), and (2) R. Morales, reviewing authority officer (at Corcoran State Prison).

In claim 1, Plaintiff alleges a Due Process violation regarding his mail. On 6/22/23, Plaintiff filed a 602 complaint due to all the misconduct and negligence going on at SATF, like how they are not running program correctly for a level-4, 270 yard. Plaintiff sent a 602 grievance

to the appeals coordinators, B. Phillips and R Morales.  They falsified documents against Plaintiff and violated Due Process rights in making false allegations and false criminal charges against Plaintiff.  They said that Plaintiff sent in the 602 grievance to the appeals office saying that Plaintiff contaminated the grievance package with organic hazardous or other toxic materials.  They said Plaintiff's grievance package may present a threat to the safety and security of staff and was discarded and disallowed as a potential health and safety risk to the officers of appeals.  Plaintiff's grievance was not processed and was disallowed and disposed of like Plaintiff was a "terrorist."  Their conduct violated Plaintiff's right under the First Amendment, Fourth Amendment, and Fourteenth Amendment.

      Plaintiff's 602 appeal was regarding how staff falsify log documents and how they are letting inmates out at 12:30 p.m. for yard and dayroom and staff never lets inmates out at this time.  It is always at 1:25 p.m., and B. Phillips and R. Morales saw Plaintiff's 602 stating acts that could get staff into trouble.  They violated Plaintiff's Due Process right and First Amendment rights by throwing Plaintiff's 602 grievance away to cover up their misconduct and throwing away his 602 grievance violating Plaintiff's freedom of speech as a cover up of their misconduct.  By making false statements against Plaintiff and false charges, saying Plaintiff is a terrorist, by making a false report saying Plaintiff had organic hazardous toxic and dangerous material.

      In claim 2, Plaintiff alleges a violation of his Due Process rights.  On 6/22/23, Plaintiff filed a 602 complaint due to misconduct and illegal activity on D-Yard at SATF.  Plaintiff complained that the inmates were not receiving the programming on the yard that they are supposed to receive.  When B. Phillips and R. Morales received the 602 appeal, they threw it away in the trash destroying Plaintiff's 602 and said that it had toxic, hazardous chemicals on the 602.  They lied so they could cover up all the misconduct and illegal activity going on and they falsified documents against Plaintiff.

      In claim 3, Plaintiff alleges that on 6/22/23, Plaintiff filed a 602 complaint due to the misconduct in how they are not running a 280 yard program but are running a 180 yard program instead.  Plaintiff sent in the 602 to the appeals office.  Officer B. Phillips and R. Morales threw away Plaintiff's 602 into the garbage.  They sent Plaintiff a letter telling Plaintiff that Plaintiff put

contraband and toxic, hazardous materials on the 602, when Plaintiff did not do that. Plaintiff does not have any such materials in prison. They falsified documents trying to cover up their illegal activity against Plaintiff.

As remedies, Plaintiff seeks compensatory damages, seeks to terminate Defendants, and seeks federal charges against the officers.

### C. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim for relief.

#### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

#### 2. No Right to Appeals Process

A prison official's processing of an inmate's appeals, without more, cannot serve as a basis for Section 1983 liability. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); *Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed Section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Evans v. Cisneros*, No. 1:22-CV-01238 AWI BAM PC, 2023 WL 2696670, at *5 (E.D. Cal. Mar. 29, 2023) (no claim for failing to address appeals). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *See also Givens v. Cal. Dep't of Corrs. & Rehab.*, No.

4

2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.")  Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way.  Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right.  *See Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); *Givens*, 2019 WL 1438068, at *4.  Plaintiff fails to state a cognizable First Amendment claim against B. Phillips and R. Morales for failure to process his appeal.

### 3. Fourth Amendment

It is unclear what Plaintiff alleges is the Fourth Amendment violation.  A Fourth Amendment claim cannot be based merely on "an officer's erroneous assumptions about the evidence he has received," or on "[o]missions or misstatements resulting from negligence or good faith mistakes." *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009) (citation omitted); *see also United States v. Smith*, 588 F.2d 737, 739-40 (9th Cir. 1978) (stating that an officer "made certain erroneous assumptions on the basis of the information he received; but this does not amount to the reckless inclusion of false statements in his affidavit"); *Rhabarian v. Cawley*, 2013 WL 4049600, at *9 (E.D. Cal. Aug. 7, 2013) (noting that "a merely sloppy investigation culminating in a search warrant—without a showing of deliberation or recklessness—will not support a judicial-deception claim"), report and recommendation adopted, 2014 WL 546015 (E.D. Cal. Feb. 11, 2014), aff'd, 701 F. App'x 676 (9th Cir. 2017).

### 4. False Reports

To the extent Plaintiff alleges that Defendants falsified chronos, disciplinary, or medical reports against Plaintiff, he cannot state a claim.

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give

5

rise to a claim under section 1983.") (citations omitted).  Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

### 5. Fourteenth Amendment – Deliberate Fabrication of Evidence

Plaintiff may be attempting to assert a Fourteenth Amendment due process claim, predicated on *Devereaux*, that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (*en banc*); *see also Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017) ("The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a state official.").  The Ninth Circuit derived this right from the Supreme Court's holding in *Pyle v. Kansas*, 317 U.S. 213, 216 (1942), noting that "the knowing use by the prosecution of perjured testimony in order to secure a criminal conviction violates the Constitution." *Devereaux*, 263 F.3d at 1075; *see Theodoropoulos v. Cty. of Los Angeles*, Case No. 2:19-cv-00417-JGB-KES, 2020 WL 5239859, at *4 (C.D. Cal. Jul. 17, 2020) ("[F]abrication of evidence is not a constitutional violation unless the fabricated evidence played a material role in the plaintiff's prosecution.").

Deliberately providing false evidence that results in criminal charges or certain administrative penalties can give rise to a due process claim where there was a resulting deprivation of liberty.  *Devereaux*, 263 F.3d at 1074–75 (9th Cir. 2001) (*en banc*) ("[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government.").  "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted).  To establish the second element of causation, the plaintiff must show "that (a) the act was the

6

1   cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the
2   absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury,
3   meaning that the injury is of a type that a reasonable person would see as a likely result of the
4   conduct in question." *Spencer*, 857 F.3d at 798 (citations omitted).

5   Here, Plaintiff's allegations are conclusory. Plaintiff has not alleged factual support that
6   the Defendants deliberately fabricated evidence resulting in criminal charges against him.
7   Plaintiff does not allege that his was referred for criminal prosecution. While in claim 1, Plaintiff
8   alleges "false criminal charges," he does not allege any facts regarding the charges or that he was
9   deprived of liberty as a result thereof. *Harris v. Borquez*, No. 1:23-CV-00046 BAM PC, 2023
10  WL 2392747, at *4 (E.D. Cal. Mar. 7, 2023), report and recommendation adopted, No.
11  123CV00046ADABAMPC, 2023 WL 2655770 (E.D. Cal. Mar. 27, 2023) (Plaintiff was
12  criminally charged, prosecuted for a year, and then subject to disciplinary proceedings).

### 6. Criminal Charges

Plaintiff wants criminal charges brought against Defendants. Plaintiff has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Criminal statutes generally do not provide a private cause of action or a basis for civil liability. *See*, *e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit). When a criminal statute is violated, the question of whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the discretion of the prosecutor, not the Court. *United States v. Batchelder*, 442 U.S. 114, 124 (1979).

### 7. Injunctive Relief

Plaintiff seeks to have defendants fired. This is a request for prospective injunctive relief. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases

1 brought by prisoners involving conditions of confinement, any injunction "must be narrowly
2 drawn, extend no further than necessary to correct the harm the court finds requires preliminary
3 relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).
4 Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond
5 maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a
6 preliminary injunction and should not grant such relief unless the facts and law clearly favor the
7 plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir.
8 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).
9 Plaintiff's request to fire Defendants is not narrowly drawn and is not the least intrusive means
10 necessary to correct the harms alleged.

11 **III.    Failure to Prosecute and Failure to Obey a Court Order**

12           **A.    Legal Standard**

13 Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
14 any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
15 within the inherent power of the Court." District courts have the inherent power to control their
16 dockets and "[i]n the exercise of that power they may impose sanctions including, where
17 appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A
18 court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
19 failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46
20 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,
21 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
22 amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)
23 (dismissal for failure to comply with court order).
24 In determining whether to dismiss an action, the Court must consider several factors:
25 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
26 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
27 cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779
28 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's October 25, 2023 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice. (ECF No. 11, p. 9.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV. Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim

9

pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 11, 2023**              /s/ Barbara A. McAuliffe
                                            UNITED STATES MAGISTRATE JUDGE

10